**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

In re:
**AYSE HOOLE,**                                              **Chapter 7**
        Debtor.                                              **Case No. 17-50262**

**W. STEPHEN SCOTT, Chapter 7 Trustee,**
        **Movant,**
**v.**                                                       **ECF Doc. No. 16**
**AYSE HOOLE,**
        **Respondent.**

**MEMORANDUM OPINION**

This case concerns what happens to a debtor's property when she files a chapter 7 bankruptcy case.  Ayse Hoole filed chapter 7 bankruptcy.  Stephen Scott is her chapter 7 trustee.  Mr. Scott is represented by counsel, Hannah W. Hutman, who filed a motion[1] to determine the nature and extent of the estate's interest in property.  The debtor, by counsel, responded to the motion asserting that the estate has a nominal interest in the debtor's property.  The Court held a hearing on the motion and the debtor's response.[2]  The Court took the matter under advisement and set a post-hearing briefing schedule.  *See* ECF Doc. Nos. 19, 21.  The parties filed their briefs. The Court issues the following ruling.  *See* ECF Doc. Nos. 23, 24, 25.

**FINDINGS OF FACT**

Except for the subject of the motion (i.e., the nature and extent of the estate's interest in property), the essential facts are uncontested and fairly straightforward.  Ayse Hoole filed a voluntary chapter 7 petition on March 19, 2017.  ECF Doc. No. 1.  On her Schedule A/B: Property, Ms. Hoole scheduled an interest in real property, located at 1126 Wadewood Ct., Woodstock, VA

---

[1]        ECF Doc. No. 16.  Citations to the trustee's motion in this Opinion will be designated "Mot."

[2]        ECF Doc. No. 17.  Citations to Ms. Hoole's motion in this Opinion will be designated "Resp."

22664 ("Wadewood Court").  Pet., Sch. A/B.  Wadewood Court is described as a "Duplex or multi-unit building."  *Id.*  Ms. Hoole scheduled the value of Wadewood Court as $81,200, but she asserted the value of the portion she owns is only $812.[3]  *Id.*  Ms. Hoole described the nature of her ownership interest as "Joint Tenancy."  *Id.*  Ms. Hoole owns Wadewood Court with her mother.

Before Ms. Hoole filed bankruptcy, she acquired Wadewood Court with her mother.  The deed transferred Wadewood Court "to the Grantees, Ayse F. Hoole [the debtor] and Yuksel Gokkocabas [the debtor's mother], as joint tenants with right of survivorship as at common law, and not as tenants in common."  Mot., Ex. A.  The deed is recorded in the Clerk's Office of Shenandoah County.[4]  *Id.*  Currently, Wadewood Court has a tax assessed value of $93,900.  Mot. ¶ 6.  There are no known liens on Wadewood Court, other than real estate taxes which may be due and owing.  *Id.* ¶ 7.

The chapter 7 trustee filed a motion to determine the nature and extent of the estate's interest in Wadewood Court.  The trustee contends the estate has a one-half interest in Wadewood Court.  *Id.* ¶ 13.  If the trustee is correct, he will seek approval to sell Wadewood Court and divide the proceeds equally with Ms. Gokkocabas.  *Id.*

Ms. Hoole, however, disputes the trustee's argument.  She contends her interest is nominal in value.  She argues she does not have a one-half interest because she did not provide one half of the consideration for the property.  Because her mother provided the funds to purchase Wadewood Court, Ms. Hoole insists that only her mother would be entitled to the sale proceeds if Ms. Hoole filed a partition action in state court.  Resp. ¶ 1–2.  According to Ms. Hoole, if she would be unable

---

[3]     In slight contradiction to the $812 value, under the question "What is the property?," Ms. Hoole checked the "Other" box and noted that she "only owns $100 in property."  The reason for the discrepancy is unclear, but the difference in these two values is immaterial to the Court's ruling.

[4]     The deed is dated October 23, 2013.  It was recorded on October 31, 2013.

to claim half of the proceeds in a partition sale through the state court, then her trustee likewise should be unable to claim half of the proceeds from a sale through the bankruptcy court.  *See id.* ¶ 2.  In support of her view, Ms. Hoole notes that "[t]he survivorship aspect of the joint tenancy is just that—a simple and sure manner of transferring property upon death."  *Id.* ¶ 3.  She also notes that her mother has a right to bring a partition action and recoup the money her mother paid to buy Wadewood Court.  *Id.*

JURISDICTION

The Court has jurisdiction over Ms. Hoole's bankruptcy case by virtue of 28 U.S.C. §§ 1334(a) and 157(a), the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.  This Court has authority to determine if Ms. Hoole's interest in property is part of her bankruptcy estate and to what extent a bankruptcy trustee may administer the property.  This is because matters concerning the administration of the estate are "core" proceedings within the meaning of 28 U.S.C. § 157(b)(2)(A).

CONCLUSIONS OF LAW

*Property of the Estate*

The filing of a voluntary chapter 7 bankruptcy petition creates a bankruptcy estate.  11 U.S.C. § 541(a).  Section 541 of the Bankruptcy Code provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  *Id.* § 541(a)(1).  When Ms. Hoole filed her petition on March 17, 2017, all of her legal and equitable interests in property became property of her bankruptcy estate.  Because she had an interest in Wadewood Court as of the commencement of her case, her interest in Wadewood Court became part of her bankruptcy estate.  Up to this point, the parties agree.  They do not question that Ms.

3

Hoole's interest in Wadewood Court came into her bankruptcy estate. But they do question the nature of that interest and by extension the value of that interest now in the trustee's hands. For this reason, the trustee asks this Court to determine Ms. Hoole's interest in Wadewood Court. The answer is found in the language of the deed and the Virginia Code.

*Joint Tenancy in Virginia*

Section 55-20.1 of the Virginia Code provides that

Any persons may own real or personal property as joint tenants with or without a right of survivorship. When any person causes any real or personal property . . . to be titled . . . in the name of two or more persons "jointly," as "joint tenants," in a "joint tenancy," or other similar language, such persons shall own the property in a joint tenancy without survivorship as provided in § 55-20. **If, in addition, the expression "with survivorship," or any equivalent language, is employed in such titling, registering or endorsing, it shall be presumed that such persons are intended to own the property as joint tenants with the right of survivorship as at common law.**

Va. Code § 55-20.1 (emphasis added). The deed conveyed Wadewood Court to Ms. Hoole and Ms. Gokkocabas "as joint tenants with right of survivorship." This language in the deed is quite clear, echoing the language of the Virginia Code. Because of this language, under Virginia law, it is presumed that Ms. Hoole and Ms. Gokkocabas own Wadewood Court as joint tenants with the right of survivorship as at common law.

"The common law characterized each joint tenant as possessing the entire estate, rather than a fractional share: '[J]oint-tenants have one and the same interest . . . held by one and the same undivided possession.'" *United States v. Craft*, 535 U.S. 274, 280 (2002) (quoting 2 William Blackstone, *Commentaries on the Laws of England* 180 (1766)). Under the common law, a joint tenancy requires four unities: time, title, interest, and possession. *See Pitts v. United* States, 408 S.E.2d 901, 903 (Va. 1991) (citing 4 Thompson, *Commentaries on the Modern Law of Real Property* §§ 1775–76, –84, –85 (Repl. Vol. 1979)) ("A joint tenancy and a tenancy by the entirety

shared four essential characteristics, that is, unity of time, unity of title, unity of interest, and unity of possession.”); *see also Bunker v. Peyton (In re Bunker)*, 312 F.3d 145, 151 (4th Cir. 2002); *In re Sampath*, 314 B.R. 73, 79 n.5 (Bankr. E.D. Va. 2004); *Jones v. Conwell*, 314 S.E.2d 61, 64 (Va. 1984).

The crux here is the unity of interest requirement.  “‘Unity of interest,’ as one of the four unities required for the existence of a joint tenancy, means that the joint tenants’ shares are all equal and the duration and quality, legal or equitable, of their estates are the same.”  20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 5 (1964).  The lack of one unity of the joint tenancy leads to the destruction of the nature of the interest.  Ms. Hoole admits that she and her mother own Wadewood Court as joint tenants with the right of survivorship.[5]  She denies however that she and her mother own Wadewood Court equally.  If in fact Ms. Hoole does not have an interest equal to her mother, then she is not a joint tenant (despite her admission to the contrary) but instead has a tenancy in common with her mother.  Yet, the deed specifically and unequivocally states that Ms. Hoole and her mother are *not* tenants in common.  This means, the Court would have to ignore the language of the deed to conclude that Ms. Hoole and her mother are tenants in common.  Based on the language of the deed, the directives of the Virginia statute, and the rulings of the Virginia Supreme Court and the Fourth Circuit, this Court concludes Ms. Hoole and her mother are joint tenants and not tenants in common.

Under Virginia law, joint tenants own the entire property with the other joint tenants.  Because Ms. Hoole’s interest in the property is as a joint tenant, she has an interest equal to the interest of her co-tenant.  Put differently, Ms. Hoole and her mother, as joint tenants, each have an

---

[5]      In fact, Ms. Hoole’s response emphasizes the survivorship aspect of the joint tenancy as “a simple and sure manner of transferring property upon death.”  Resp. ¶ 3.  The estate planning characteristic of the tenancy’s creation does not negate the nature or equal division of the interests.

equal interest in the entire property.  Ms. Hoole had this interest as a joint tenant at the time she

filed her petition.  Consequently, when she filed her bankruptcy petition, her interest as a joint

tenant with the right of survivorship became property of her bankruptcy estate.

*Ms. Hoole's Arguments*

Ms. Hoole argues that a joint tenancy may be owned unequally.  In support of her argument,

Ms. Hoole cites Virginia Code § 64.2-305(C)(3).  The subsection cited by Ms. Hoole provides that

> Property owned jointly by persons married to each other is rebuttably presumed to
> have been acquired with contributions of equal value by each tenant.  The mere
> creation of an indebtedness secured by jointly owned property is not a contribution
> to its acquisition, but any satisfaction of such an indebtedness is a contribution.

Va. Code § 64.2-305.  Ms. Hoole's reliance on this provision is misplaced.  The provision confines

its applicability to married spouses.  Because Ms. Hoole is not married to her living mother, this

section governing the elective share of surviving spouses is inapplicable.[6]

The deed is quite clear, specific, and unequivocal on the extent and nature of Ms. Hoole's

interest in the property.  Ms. Hoole, however, attempts to introduce extrinsic evidence to explain

that the equal interest on the face of the deed is not so self-evident.  As evidence to support an

unequal joint tenancy, Ms. Hoole points out that her mother purchased Wadewood Court and that

her mother intended to use the joint tenancy for estate planning purposes.

In Virginia, the "parol evidence rule is a time-honored fixture in the law."  *Amos v. Coffey*,

320 S.E.2d 335, 337 (Va. 1984).  The deed is "a complete, unambiguous, unconditional, written

instrument," and accordingly the Court declines to allow the admission of extrinsic evidence to

vary or alter the clear terms of the deed.  The Court interprets the plain, unambiguous language of

---

[6]    Section 64.2-305 rests in Title 64.2 ("Wills, Trusts, and Fiduciaries"), Chapter 3 ("Rights of Married
People"), Article 1 ("Elective Share of Surviving Spouse of Decedent Dying Before January 1, 2017").

the deed to have created a joint tenancy and does not need evidence of the external expectations of the parties.

To bolster her argument that extrinsic evidence is necessary to determine the portion owned by each joint tenant, Ms. Hoole cites Virginia Code § 58.1-3211.1.  This section addresses a governing body's ability to provide for a prorated tax exemption or deferral of tax on real property for joint tenants aged sixty-five or older who jointly hold dwellings with joint tenants who are under the age of sixty-five.  Va. Code § 58.1-3211.1(A).  Specifically, it says "[a]s a condition of eligibility for such tax exemption or deferral, the joint owners of the dwelling shall be required to furnish to the relevant local officer sufficient evidence of each joint owner's ownership interest in the dwelling."  *Id.*  Ms. Hoole argues that, because the Virginia Code requires a joint tenant to furnish to the relevant local revenue officer evidence of each joint tenant's ownership interest in the dwelling before claiming a tax exemption or deferral, extrinsic evidence is required before this Court may determine the interest.  Her argument is unpersuasive.  The statute provides for certain tax relief along with a mechanism for a property owner to show eligibility for such relief.  Not surprisingly, the law shifts the responsibility to show eligibility for tax relief on the property owner rather than the local taxing authority.  The provision is specific as to its applicability (tax relief).  Nothing in the language of the tax provision suggests it negates Virginia Code § 55-20.1.

*Determination*

The trustee asks this Court to determine that the estate's interest in Wadewood Court is a one-half interest.  Ms. Hoole asks this Court to find that the estate's interest in Wadewood Court is at most nominal.  Based on a review of the facts and the law, the Court finds that the estate's interest in Wadewood Court is in the nature of a joint tenant with an undivided interest in the entire property with the right of survivorship.  *Cf. In re Benner*, 253 B.R. 719,723 (Bankr. W.D. Va.

7

2000) ("In this case, the Debtor owned all of the property under Virginia law and she shared it with her non-debtor spouse.  This is the interest that became property of the estate under 11 U.S.C. § 541 and this is what the trustee had to liquidate.").

*Further Considerations*

Although this finding answers the question in dispute, the real dispute between the parties seemingly lies under the surface.  Specifically, may the trustee conduct a sale of Wadewood Court pursuant to section 363(h) of the Bankruptcy Code, and if so, how should the proceeds of such a sale be divided?  The trustee suggests the proceeds would be divided equally between Ms. Hoole's creditors and her mother.   Ms. Hoole argues that her mother should receive all but a nominal amount,[7] because her mother paid for the purchase of Wadewood Court.

For the trustee to sell Wadewood Court for the benefit of Ms. Hoole's creditors, he must meet the requirements in section 363(h).  Such a motion is not before the Court, and therefore the Court need not answer that question now.  All the same, in this proceeding, Ms. Hoole challenged a trustee's ability to conduct a partition sale of Wadewood Court under these facts.  For these reasons, the Court will address a trustee's sale powers generally.

A bankruptcy trustee has the duty to collect and reduce to money nonexempt property of the estate.  11 U.S.C. § 704.  As such, the bankruptcy trustee has the duty, and the power, to sell property.  *Id.*  This duty is for the purpose of satisfying creditors' claims.  Ms. Hoole suggests that the trustee's power is limited to her state law rights to partition as joint tenant.  The trustee's power is not so limited.

Virginia Code § 8.01-81 sets out who may compel partition of land:

> Tenants in common, joint tenants, executors with the power to sell, and
> coparceners of real property, including mineral rights east and south of the

---

[7]      If Ms. Hoole is correct, the trustee's sale would render insufficient value and benefit to the estate.

Clinch River, shall be compellable to make partition and may compel partition, but in the case of an executor only if the power of sale is properly exercisable at that time under the circumstances; **and a lien creditor or any owner of undivided estate in real estate may also compel partition for the purpose of subjecting the estate of his debtor or the rents and profits thereof to the satisfaction of his lien.**

Va. Code § 8.01-81 (emphasis added). This means that a lien creditor may compel partition under the Virginia Code. The Bankruptcy Code provides in section 544(a) that the trustee has all the rights and powers of a hypothetical lien creditor. 11 U.S.C. § 544(a). Putting these sections together, Mr. Scott, chapter 7 trustee, has the power, as a hypothetical lien creditor, to compel a partition of property under the Virginia Code. What is more, if the property cannot be divided, the Bankruptcy Code allows a trustee to sell the undivided joint property as long as certain conditions are met. *See* 11 U.S.C. § 363(h).[8]

Ms. Hoole relies heavily on Virginia Code § 8.01-31 to support her theory that the trustee may not receive any more than she could if a sale were to take place. Section 8.01-31 provides "[a]n accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than comes to his just share or proportion, or against the personal representative of any such party." Va. Code § 8.01-31. Under this provision, Ms. Hoole argues, Ms. Hoole would only be able to receive what she invested in the townhouse. So, Ms. Hoole argues that the trustee would only be entitled to what would be Ms. Hoole's fair share (the amount of her investment) from the proceeds of such a sale. Ms. Hoole overlooks that this

---

[8]        A trustee may only sell the interests of both the estate and a non-filing joint tenant if four elements exist. Specifically, a trustee may conduct such a sale only if:

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

action is not between two joint tenants against each other.  Ms. Hoole relies upon a section of the Virginia Code which addresses potential rights of one joint tenant against another, as opposed to the rights of a holder of a judgment lien.  Because the chapter 7 trustee by statute has the powers of a hypothetical judgment lien creditor, his powers are not addressed in the statute Ms. Hoole cites.[9]

Nevertheless, the trustee has not yet filed any motion seeking to sell or partition Wadewood Court.  The Court will rule on such a motion, if filed, and will reserve ruling on defenses thereto, if any, should they too be filed.

The Court will issue a separate order based on the conclusions in this Opinion.

The Clerk is directed to send copies of this Opinion to the debtor, counsel for the debtor, the chapter 7 trustee, and counsel for the chapter 7 trustee.

**Entered: March 21, 2018**

Rebecca B. Connelly
U.S. Bankruptcy Judge

---

[9]     Ms. Hoole also cited the Virginia Supreme Court case of *Grove v. Grove*, 42 S.E. 312 (Va. 1902).  *Grove* is no more helpful to the issue in this bankruptcy case.  *Grove* simply addresses a co-tenant's right of contribution against the other co-tenants; it does not discuss the rights of a judgment lien creditor.